TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-906 |
| of | : | December 16, 1999 |
| BILL LOCKYER<br>Attorney General | : | |
| GREGORY GONOT<br>Deputy Attorney General | : | |

THE HONORABLE GEORGE HOUSE, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May a nonprofit mutual benefit corporation give notice of its annual regular meetings by publication at least once in a newspaper of general circulation in the county in which its principal office is located and by posting notice of the meeting at its principal office if (1) the bylaws permit such notice or (2) members have requested not to be notified personally or by mail?

CONCLUSION

A nonprofit mutual benefit corporation may not give notice of its annual regular meetings by publication at least once in a newspaper of general circulation in the county in which its principal office is located and by posting notice of the meeting at its principal office even if (1) the bylaws permit such notice or (2) members have requested not

to be notified personally or by mail.

## ANALYSIS

The Legislature has enacted a comprehensive statutory scheme, the Nonprofit Mutual Benefit Corporation Law (Corp. Code, §§ 7110-8910; "Act"),[1] governing the organization, management, and conduct of nonprofit mutual benefit corporations ("NPMBCs").  NPMBCs have been described as follows:

> "The diversity of mutual benefit corporations is enormous; however, they all share certain common characteristics.  Such corporations are formed principally for the mutual benefit of their members (fraternal organizations, tennis clubs) or for the mutual benefit of all those engaging in a particular type of business (trade associations) or activity (automobile clubs).  Nonprofit mutual benefit organizations may operate for the benefit of members and nonmembers.  Members in some mutual benefit corporations may have a proprietary interest that would allow them to receive its assets upon dissolution, while in others the assets do not go to the members, but instead go to another nonprofit corporation.  In many mutual benefit corporations, however, the proprietary interest, if any, is more theoretical than real." (Legis. committee com., Deering's Ann. Corp. Code (1994 ed.) § 7110, p. 207.)

We are informed that often NPMBCs have numerous members who are not interested in attending their annual membership meetings.  For example, cemetery associations may have thousands of members (those who have purchased unoccupied interment property), with only a few members interested in attending their annual meetings. The cost of mailing notice of the meetings may be $1 per member.  If the mailings were not required, additional funds would become available for daily maintenance, development, and beautification of the cemeteries.

The question presented for analysis concerns whether an NPMBC may give notice of its annual meetings by publishing the notice in a local newspaper and by posting the notice at its principal office rather than mailing the notices to its members. We conclude that such manner of giving notice conflicts with the requirements of the Act.[2]

---

[1] All references hereafter to the Corporations Code are by section number only.

[2] Although certain rules applicable to NPMBCs depend on whether they have 500 or more members (see §§ 7521, 7523, 7524), the size of the membership does not affect the notice procedures involved herein;

Annual meetings of an NPMBC are held under the terms of section 7510:

"(a) Meetings of members may be held at a place within or without the state that is stated in or fixed in accordance with the bylaws. If no other place is so stated or fixed, meetings of members shall be held at the principal office of the corporation.

"(b) A regular meeting of members shall be held on a date and time, and with the frequency stated in or fixed in accordance with the bylaws, but in any event in each year in which directors are to be elected at that meeting for the purpose of conducting such election, and to transact any other proper business which may be brought before the meeting.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 7511 governs the notice requirements:

"(a) Whenever members are required or permitted to take any action at a meeting, a written notice of the meeting shall be given not less than 10 nor more than 90 days before the date of the meeting to each member who, on the record date for notice of the meeting, is entitled to vote thereat; provided, however, that if notice is given by mail, and the notice is not mailed by first-class, registered, or certified mail, that notice shall be given not less than 20 days before the meeting. . . .

"(b) Notice of a members' meeting or any report shall be given either personally or by mail or other means of written communication, addressed to a member at the address of the member appearing on the books of the corporation or given by the member to the corporation for purpose of notice; or if no such address appears or is given, at the place where the principal office of the corporation is located or by publication at least once in a newspaper of general circulation in the county in which the principal office is located. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .



the requirements are the same for both large and small NPMBCs.

"(g) A court may find that notice not given in conformity with this section is still valid, if it was given in a fair and reasonable manner."

Accordingly, the Act requires an NPMBC to give "[n]otice of a members' meeting . . . personally or by mail or other means of written communication, addressed to a member at the address of the member . . . ." (§ 7511, subd. (b).)[3]

The Act does not authorize the bylaws of an NPMBC to change the notice requirements of section 7511. Bylaws "may contain any provision, not in conflict with law . . . for the conduct of the affairs of the corporation . . . ." (§ 7151, subd. (c).) Providing in the bylaws for publishing and posting the notices of annual meetings would conflict with the notice requirements of section 7511, subdivision (b). The same would be true with respect to members who have requested not to be notified of the annual meetings, whether personally or by mail. The Act does not authorize such requests, and thus they too would conflict with the provisions of section 7511, subdivision (b).

We recognize that subdivision (g) of section 7511 authorizes a court to "find that notice not given in conformity with this section is still valid, if it was given in a fair and reasonable manner."[4] Such a judicial determination would require an examination of all the relevant facts in a particular case. (Cf. *Ferry* v. *San Diego Museum of Art* (1986) 180 Cal.App.3d 35, 45-46.)

We conclude that an NPMBC may not give notice of its annual regular meetings by publication at least once in a newspaper of general circulation in the county in which its principal office is located and by posting notice of the meeting at its principal office even if (1) the bylaws permit such notice or (2) members have requested not to be notified personally or by mail.

* * * * *

---

[3] A notice mailed or delivered as part of a newsletter or magazine regularly sent to members constitutes the requisite written notice. (§ 5016.)

[4] Similarly, a court may order the calling or conducting of a meeting "in such a manner as the court finds fair and equitable under the circumstances." (§ 7515, subd. (a).)